IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOM GRUDE, dba TOM GRUDE CONSTRUCTION,<br><br>       Plaintiff,<br><br>  vs.<br><br>ZURICH NORTH AMERICA,<br><br>       Defendant. | Civil No. 05-1583-AA<br>OPINION AND ORDER |

Deryl K. Nielsen
Attorney At Law
PO Box 5944
Salem, Oregon 97225
    Attorney for plaintiff

Diane L. Polscer
Jeffrey C. Dahl
Gordon & Polscer, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, Oregon 97225
    Attorneys for defendant

AIKEN, Judge:

    Pursuant to Fed. R. Civ. P. 12(b)(6), defendant filed a motion to dismiss plaintiff's third and fourth claims for relief.

Page 1 - OPINION AND ORDER

Defendant's motion is granted in part and denied in part.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of plaintiff, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff's third claim for relief alleges bad faith.[1] Plaintiff alleges that defendant acted in bad faith by failing to settle the underlying lawsuit for an amount that would pay all of the damages and costs associated with the underlying lawsuit. Complaint, ¶ 18.  Plaintiff acknowledges that a recovery in excess of policy limits is not at issue here.  The defendant argues that plaintiff's claim must be dismissed because "Oregon courts have not recognized bad faith claims where the resulting verdict does not exceed the policy limits, as there is no possible harm beyond the breach of contract.  Defendant asserts

---

[1] The facts underlying this lawsuit are adequately detailed in plaintiff's Response Memo and not disputed by defendant.

Page 2 - OPINION AND ORDER

that the recovery available in a claim for bad faith is 'the amount of any excess verdict,' not a mere failure to pay a loss falling within the policy limits." Defendant's Memo in Support of Motion to Dismiss, p. 3 (internal citation omitted). Finally, defendant asserts that plaintiff fails to allege that "any action on the part of [defendant] or defense counsel created this administrative debt . . . and whether or not [defendant] should pay this amount is a contract interpretation question and not a question of tort liability." Defendant's Reply Memo, p. 2.

    Plaintiff argues that his tort claim is valid because the defendant had an independent standard of due care to negotiate in good faith for its insured with the third-party. Plaintiff alleges that the defendant acted in bad faith and did not negotiate and act as an ordinary and prudent insurer when it settled a case at a dollar amount that satisfied approximately 25% of the claims costs in the Workers' Compensation context. The settlement negotiated by defendant left plaintiff exposed to substantial monetary liability, although admittedly in an amount that did not exceed his policy limits with defendant.

    This case poses an interesting question, not directly resolved by Oregon case law. The case relied on by both parties, <u>Georgetown Realty, Inc. v. Home Ins. Co.</u>, 313 Or. 97, 831 P.2d 7 (1992), however, provides guidance. There, the Oregon Supreme Court distinguished a tort remedy as opposed to a contract remedy

Page 3 - OPINION AND ORDER

as follows:

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract.

Id. at 106.

Georgetown then specifically held that a liability insurer is subject to a standard of care that exists independent of the contract and without reference to the specific terms of the contract. 313 Or. at 110. The Court reasoned:

> When a liability insurer undertakes to "defend," it agrees to provide legal representation and to stand in the shoes of the party that has been sued. The insured relinquishes control over the defense of the claim asserted. Its potential monetary liability is in the hands of the insurer. That kind of relationship carries with it a standard of care that exists independent of the contract and without reference to the specific terms of the contract.

Id. at 110-11. Therefore, the Court held that plaintiff's excess claim was properly brought as a claim for negligence. Id. at 111.

Georgetown's analysis applies to the facts at bar. Here, we have a relationship between contracting parties where plaintiff alleges that he was damaged due to defendant's negligent performance of its duties under the contract. Despite the fact that plaintiff's and defendant's relationship arises from the

Page 4 - OPINION AND ORDER

insurance contract, under Georgetown, plaintiff may bring a tort (bad faith claim) against the defendant because the defendant is held to a standard of care independent of the contract and without reference to the specific terms of the contract.

Although our case is not a traditional "excess claim" case where the insured was subjected to excess verdicts as a result of actions taken by the insurer while providing a defense to the insured, given the definition in Georgetown for deciding whether the allegedly negligent party is subject to a standard of care independent of the terms of the contract, I find that the facts at bar fit the description. "Georgetown held that an insurer that had assumed its contractual obligation to defend an insured was in a special relationship with the insured and therefore, the law imposed tort duties on the insurer in carrying out the defense." Bennett v. Farmers Ins. Co. of Oregon, 332 Or. 138 26 p.3d 785 (2001). Here, the defendant undertook to "defend" the plaintiff when entering into settlement negotiations regarding the civil lawsuit filed against him. The defendant agreed to "stand in the shoes of the party that has been sued," plaintiff "relinquish[ed] control over the defense of the claim asserted," and plaintiff's potential monetary liability rested in the hands of the insurer. Georgetown, 313 Or. at 110.

It is clear that the "duty in tort does not arise from the terms of the contract, but from the nature of the parties'

relationship." Conway v. Pacific University, 324 Or. 231, 238, 924 P.2d 818 (1996)(internal citations omitted). The party who is owed the duty (plaintiff) is placed in a position of reliance upon the party who owes the duty (defendant). Because "the former has given responsibility and control over the situation at issue to the latter, the former has a right to rely upon the latter to achieve a desired outcome or resolution." Id. at 240. Here, like Georgetown, plaintiff had relinquished control to the defendant and placed his potential monetary liability in the defendant's hands. Where "one party authorizes the other party to exercise independent judgment on his behalf . . . the party who owes the duty has a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other party. That special responsibility carries with it a duty to exercise reasonable care[.]" Conway, 324 Or. at 240-41.

    The facts at bar fall within the analysis of Georgetown. Plaintiff is entitled to bring a tort claim alleging bad faith against his liability insurer who engaged in settlement negotiations with a third party who filed a civil lawsuit against the plaintiff, defendant's insured. Relying on the analysis in Georgetown, I find that a special relationship existed between plaintiff and defendant that existed independent of the contract, without reference to the specific terms of the contract, and carried with it a standard of due care. Plaintiff is thereby

Page 6 - OPINION AND ORDER

entitled to bring a tort claim against the defendant based on that special relationship and standard of care owed by the defendant to the plaintiff.  Therefore, defendant's Motion to dismiss plaintiff's third claim for relief is denied.

Regarding defendant's motion to dismiss plaintiff's fourth claim for relief, the court notes plaintiff concedes that motion. See Plaintiff's Response Memorandum, p. 7.  Therefore, defendant's motion is granted and plaintiff's fourth claim is dismissed with prejudice.

## CONCLUSION

Defendant's motion to dismiss plaintiff's third and fourth claims for relief (doc. 9) is granted in part and denied in part. Defendant's Motion to dismiss is denied as to plaintiff's third claim for relief, however, defendant's Motion is granted as to plaintiff's fourth claim for relief and that claim is dismissed. Defendant's request for oral argument is denied as unnecessary. IT IS SO ORDERED.

Dated this __12__ day of May 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge